UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY, *et al*.,<br><br>    Defendants. | Case No. 2:07-CV-01456-KJD-LRL<br><br>**ORDER** |

Presently before the Court is Plaintiff's Supplemental Points and Authorities in Support of Plaintiff's Motion for Summary Judgment (#49). Defendant Hartford filed a response to the Supplemental Brief (#52).

I.  Procedural Background

Plaintiff James Miller was employed by JT3 as a software engineer beginning February 1, 2002. During his employment, Plaintiff was a qualified participant in the JT3 GROUP LONG-TERM DISABILITY PLAN ("the Plan") within the meaning of 29 U.S.C. § 1002 of the Employee Retirement Security Act ("ERISA"). JT3 was the Plan Administrator of the Plan. Defendant Hartford Life Insurance Company ("Hartford") was JT3's agent and the designated Claims Administrator of the Plan. As of January 1, 2005, Hartford fully insured the Plan and performed the

claims handling functions of the Plan, including having the ultimate discretion of whether to accept or deny a claim.  Thus, Hartford was and is a fiduciary with respect to the Plan pursuant to 29 U.S.C. § 1002(21)(A).

On December 16, 2005, Plaintiff had microdiscectomy surgery for a lower-back condition. At all relevant times, John S. Thalgott, M.D. was Plaintiff's treating physician and surgeon.  Plaintiff submitted a Short Term Disability ("STD") claim form to Hartford.  On January 20, 2006, Hartford approved Plaintiff's claim and Miller was paid STD benefits from December 23, 2005 through June 15, 2006, based upon his microdiscectomy surgery and medical records.  In a letter dated July 11, 2006, Hartford informed Plaintiff that Long Term Disablity ("LTD") benefits were not payable to him under the terms of the Plan, because "[he did] not meet the policy definition of Disability." Administrative Record ("AR") at HLMCL00274-277.

Pursuant to the terms of the Plan, Plaintiff applied for Social Security disability benefits and on October 28, 2006, was awarded Social Security benefits of $2,007.00 per month retroactive to June 16, 2006.  On November 20, 2006, Plaintiff wrote a letter to Hartford appealing its decision to terminate his benefits and submitted a lumbar discogram, his Social Security Administration Notice of Award, and a letter from Dr. Thalgott re-affirming his opinion that Plaintiff was totally disabled.

In its second review of Plaintiff's claim for LTD, Hartford engaged University Disability Consortium ("UDC") who employed Jerry Smith, M.D., a non-treating medical consultant, to determine whether "at any time between 12/16/2005 and 6/15/2006 Mr. Miller regain[ed] the physical functionality to perform a primarily sedentary occupation[.]"  AR at HLMCL00065.  Dr. Smith determined that Plaintiff was no longer disabled as of June 2006, and possibly as early as April 22, 2006.  AR at HLMCL00049-57.

As part of his review of Plaintiff's medical record, Dr. Smith spoke with two of Plaintiff's treating physicians, Dr. Robert Bien and Dr. Roberto Chuapoco.  Dr. Smith left three messages on consecutive days, but never received a returned call from Dr. Thalgott.  On March 13, 2007, Dr. Thalgott wrote a letter stating that he had received a letter from Hartford stating that a physician

2

would be contacting him regarding Miller's disability, but that he received no messages on the days in question from Hartford.  Thalgott again restated his opinion that Plaintiff was totally disabled.

On January 30, 2007, Hartford determined on appeal that Plaintiff was not disabled under the definition contained in the LTD policy.  Id. at HLMCL00042.  Hartford wrote Plaintiff a letter explaining its decision.  The letter incorporated by reference the initial decision to deny his application for LTD benefits stating "we find [the initial decision] to be accurate."  Id.  The letter briefly reviewed the physical requirements of his occupation, Engineer, as set out by his employer JT3: "you...were required to sit for up to 6 hours per day utilizing a computer and telephone.  You were also required to stand/walk for up to 1 hour per day in [half] hour intervals.  Your occupation allowed you to alternate sit/stand as needed[.]"  Id.

The letter informed Plaintiff of the findings of Dr. Gerry Smith.  The letter shares Dr. Smith's opinion that the objective medical documentation failed to substantiate a basis for total inability to work as of 6/16/06.[1]  Id. at HLMCL00043.  The letter further stated: "Dr. Smith opines that as of that date, you had the physical functionality to perform primarily sedentary work which allowed you to occasionally alternate positions with no repetitive bending."  Id.  Dr. Smith relied on Dr. Biens' 4/22/06 examination of Miller which Dr. Smith characterized as normal.  The letter stated that "[based] upon that examination, Dr. Smith indicates that it is likely that you had the physical functionality to perform primarily sedentary work as of that date."  Id.  The Appeals Specialist who wrote the letter stated that "your condition or symptoms are not of such severity that you are rendered continuously incapacitated and unable to perform the duties of a primarily sedentary occupation which allows you to alternate positions (sit/stand) as needed."  Id.  The letter also asserted that the decision on his disability award from the Social Security Administration had been considered, but did not disclose the reasoning for distinguishing it.

---

[1] The letter does not disclose whether "total inability to work" is the same standard as that for disability as required by the LTD policy: "continuously unable to perform the Material and Substantial Duties of Your Regular Occupation[.]"

3

1  Plaintiff filed the present action on November 1, 2007 asserting that Defendant had wrongly denied Plaintiff benefits under ERISA.  Plaintiff filed the present motion for summary judgment on June 16, 2008.  On March 30, 2009, the Court granted Plaintiff's motion in part, finding that Hartford had abused its discretion by relying on clearly erroneous findings of fact in making the benefit determination.  The Court remanded the action to give Hartford the opportunity to reconsider its decision on appeal, by clarifying Plaintiff's job requirements, specifically whether Plaintiff could perform his work standing for four hours a day, and by clarifiying what Dr. Thalgott meant by intervals.

II.  Standard of Review

Neither Plaintiff nor Defendant disagree that the Plan confers discretion on Defendant Hartford to construe the terms of the Plan and make all legal and factual determinations regarding payment of benefits.  Thus, "abuse of discretion" review applies. Met. Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2348 (2008)(citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)); Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006).

In ERISA actions, where the plaintiff is challenging the plan administrator's denial of benefits and the district court has already determined that the abuse of discretion standard of review applies, "a motion for summary judgment is merely the conduit to bringing the legal questions before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material facts exists, do not apply." Bendixen v. Standard Ins. Co., 185 F.3d 939, 944 (9th Cir. 1999).  The Ninth Circuit has held that it is an abuse of discretion for ERISA plan administrators "to render decisions without any explanation, or to construe provisions of the plan in a way that conflicts with the plain language of the plan." Bendixen, 185 F.3d at 944 (citing Eley v. Boeing Co., 945 F.2d 276, 279 (9th Cir.1991)).  "[A]n administrator also abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations." Id. (quoting Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1473).

Under the abuse of discretion standard, an ERISA plan administrator's decision should be upheld "if it is based upon a reasonable interpretation of the plan's terms and was made in good faith." Estate of Shockley v. Alyeska Pipeline Serv. Co., 130 F.3d 403 (9th Cir. 1997) (quoting MacDonald v. Pan Am. World Airways, Inc., 859 F.2d 742, 744 (9th Cir.1988)).  While the Court finds that Hartford operates under a structural conflict of interest, the conflict does not lower the standard of review from an abuse of discretion to a *de novo* review of the plan administrator's decision, it is merely a "factor" the Court must take into account amongst other considerations in reviewing the lawfulness of benefit denials.  See Glenn, 128 S.Ct. at 2351; Abatie, 458 F.3d at 965.

### III.  Analysis

Upon remand, Hartford issued a letter stating that it had "determined that the appeal determination from 1/30/2007 remains unchanged."  See Plaintiff's Supplemental Points and Authorities, Doc. No. 49-2, p. 2.  In response to the Court's specific direction to determine whether Plaintiff could perform his job while unable to sit for longer than thirty consecutive minutes, Defendant sought and received a response stating that "JT3 management does not require employees to sit at any length of time without interruption.  Mr. Miller was always free to move about the office, stretching, standing, walking or changing positions."  However, the response did not address JT3's prior statement that Miller's job duties required him to sit for at least two (2) hours at a time and that he must sit for at least six (6) hours a day.

Accordingly, the Court must conclude that Hartford abused its discretion in determining that Plaintiff had not demonstrated that he was continuously unable to perform the material and substantial duties of his regular occupation.  Though Hartford points to the evaluations of other doctors, which Hartford incorrectly argues state that Plaintiff was able to perform the material and substantial duties of his occupation, the doctors relied upon by Hartford were not evaluating his physical condition as it related to these responsibilities.  Instead, they were evaluating Plaintiff's condition for the purpose of pain management.  Further, Hartford misconstrues the doctors' reports to suggest that they evaluated Plaintiff's physical condition as normal.  The reports consistently show

that the doctors believed that Plaintiff was in pain, had degenerative back conditions, and referred him for surgical evaluations.  Additionally, Hartford concluded that there was no evidence that Plaintiff's medications impaired his cognitive abilities, but the same reports it relies upon warn Plaintiff against driving due to the effects of his medications.

Another factor that weighs in favor of finding that Hartford abused its discretion is its failure to adequately discuss the Social Security Administration's finding that Plaintiff was disabled.  While it is true that Hartford did not know the precise information considered by the Social Security Administration and that the definition and criteria to be considered vary, Hartford made no actual attempt to explain why it came to a different conclusion. See Montour v. Hartford Life & Accident Ins. Co., 588 F.3d 623, 631-32 (9th Cir. 2009)("disregard for a contrary conclusion...raises questions about whether an adverse benefits determination was the product of a principled and deliberative reasoning process").

Finally, Hartford failed to make a reasonable attempt to determine what Thalgott meant when he indicated that Plaintiff could only sit in twenty to thirty minute intervals.  Though ordered to obtain the information by this Court in considering Plaintiff's appeal on remand, Hartford's attempts consisted solely of delegating the effort to a medical consultant, Ephraim Brenman, D.O., hired to prepare a Peer Review Report.  Brenman called Thalgott's office three times, leaving a voice mail message each time.  At no time did Brenman choose the option of dialing "0" in order to speak with someone in Thalgott's office directly.  The failure to obtain this critical information was a factor that weighs heavily in favor of finding that Hartford abused its discretion in denying Plaintiff's claim for LTD.

Therefore, incorporating its prior Order (#45), the Court finds that Hartford has abused its discretion in determining that Plaintiff had not met his burden in establishing that he was continuously unable to perform the material and substantial duties of his regular occupation which required sedentary work.  Since sedentary work primarily required sitting, for up to two hours in Plaintiff's employment, Plaintiff was unable to perform a material and substantial duty of his regular

1  occupation.  Plaintiff's Motion for Summary Judgment (#41) is granted.  Defendant is ordered to pay
2  disability benefits due and payable from June 16, 2006 until June 18, 2008.  Any claim for benefits
3  after that date must be made under the more stringent "any occupation" standard.  Therefore, any
4  claim for benefits after that date is remanded to the claims administrator.  Any deadline for applying
5  for, or proving qualification for, benefits under that standard has been equitably tolled during the
6  pendency of this litigation.  Plaintiff shall make application for attorney's fees and costs under Local
7  Rule 54-1 and 54-16.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#41) and Supplemental Points and Authorities in Support of Plaintiff's Motion for Summary Judgment (#49) are **GRANTED**.

DATED this 4th day of May 2011.

_____
Kent J. Dawson
United States District Judge